DAVID W. MÁRQUEZ
ATTORNEY GENERAL

David D. Floerchinger
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARTHUR J. PORTER and<br>KRISTIE L. PORTER,<br><br>            Plaintiffs,<br><br>      v.<br><br>ARTHUR J. OSBORN and JOSEPH<br>WHITTOM, individually, JULIA GRIMES,<br>Director of the Alaska State Troopers,<br>CPT. THOMAS BOWMAN, Commander of<br>Detachment E and DIRECTOR TANDESKE,<br>Alaska Department of Public Safety,<br><br>            Defendants. | Case No.: 3:05-cv-00142-TMB |

**JOINT RESPONSE TO ORDER REQUIRING STATUS REPORT**

The parties have conferred and set forth the following joint status report in the format required by the court.

    **A.**    **Nature of the Case**

        1.  <u>Lead attorneys in the case:</u>    Mark D. Osterman for plaintiffs
                                                        David D. Floerchinger for defendants

2. <u>Basis for federal jurisdiction:</u>  Individual claims against officers Whittom and Osborne were removed from the Alaska Superior Court pursuant to 28 U.S.C. § 1441 based on the facts that claims had been made against these defendants under 42 U.S.C. § 1983.  Plaintiffs subsequently filed an amended complaint in federal district court on October 30, 2005.

3. <u>Nature of the claims asserted in the complaint and any counterclaims:</u> Pursuant to ¶ 13 of the complaint, the plaintiffs assert state and federal constitutional claims against Alaska State Troopers Whittom and Osborne.  Pursuant to ¶ 7 of the complaint these claims would include violation of rights of association, due process, equal protection, privacy, and the right to life and liberty.  Pursuant to ¶ 6 of the complaint the plaintiffs also allege, "those causes permitted under Alaska law."  In addition, plaintiffs claim loss of consortium.

Defendants assert costs and attorney's fees as prevailing party for any state law claims.

4. <u>Name of any party that has not been served and the nature of the non-service:</u>  Colonel Julie Grimes, Captain Thomas Bowman and Commissioner Tandeske were originally named in the plaintiffs' amended complaint but were not served.  These individuals have been subsequently dismissed.

5. <u>Principal legal issues:</u>  Issues of law exist regarding the plaintiffs' individual claims as separate and apart from the Estate of Casey Porter.  Plaintiffs herein were not personal representatives of the Estate of Casey Porter nor were they statutory

beneficiaries. Issues of fact and law exist regarding the scope and amount of plaintiffs' damages under their various theories of liability.

    6. <u>Principal factual issues:</u> a) Whether Trooper Whittom and/or Trooper Osborne used excessive force on Casey Porter causing his wrongful death or whether Trooper Whittom and Trooper Osborne's use of force was justified in self-defense or defense of others. b) Whether Troopers Whittom or Osborne acted with sufficient wrongful intent to constitute a violation of these plaintiffs' civil rights.

  **B.**  **Discovery**

    1. <u>Brief description of completed discovery and any remaining discovery:</u> The parties have exchanged preliminary witness lists as well as Rule 26(a)(1) initial disclosures. Counsel for plaintiffs has reviewed voluminous files produced by the State of Alaska and has undertaken the task of digitally reproducing all photographs from the files. Counsel for plaintiffs has agreed to share such digital reproductions with the defense. At this point in time discovery remains on all aspects of the use of force by defendants Osborne and Whittom on the date in question. Discovery will be necessary regarding damages. Discovery will be needed and expected on all aspects of opinions to be offered by expert witnesses.

    2. <u>Brief description of any pending motions and anticipated motions:</u> There are no pending motions at this time. It is anticipated that the State will be filing summary judgment motions on one or more of the plaintiffs' various theories of liability.

    3. <u>Brief description of any previously entered rulings on substantive issues:</u> None.

4.  <u>Any previously filed status reports:</u>  Parties filed a scheduling and planning conference report dated February 14, 2006.

**C.   Trial**

1.  <u>If trial is anticipated, how long the trial will take, and whether a jury is requested:</u>  A jury has been requested in this case.  This matter is expected to take 10 days to try.

**D.   Settlement**

1.  <u>Status of any settlement discussions and whether the parties request a settlement conference:</u>  Settlement has been mentioned in this case, although the parties recognize such efforts would not be successful until discovery is completed and motions have been filed and ruled on.  The parties will file a request for alternative dispute resolution not later than the close of discovery (12/1/06).

DATED this 20th day of June, 2006 at Kenai, Alaska.

        MARK D. OSTERMAN LAW OFFICE, PC
        ATTORNEY FOR PLAINTIFFS

By:   s/ Hatton G. Greer (consent)
        215 Fidalgo, Suite 106
        Kenai, AK 99611
        Phone: (907) 283-5660
        Fax:   (907) 283-5677
        Alaska Bar No. 0311057

DATED this 20th day of June, 2006 at Anchorage, Alaska.

        DAVID W. MÁRQUEZ
        ATTORNEY GENERAL

By:   s/ David D. Floerchinger
        Assistant Attorney General
        Office of the Attorney General
        1031 W. 4th Ave., Ste. 200
        Anchorage, AK 99501
        Phone: (907) 269-5190
        Fax:   (907) 258-0760
        Dave_Floerchinger@law.state.ak.us
        TWC.ECF@law.state.ak.us
        Alaska Bar No. 8511156\

CERTIFICATE OF SERVICE

This is to certify that on this date, a copy of the foregoing
Joint Response to Order is being mailed to:

Mark D. Osterman
Osterman Law Office, P.C.
215 Fidalgo Drive, Suite 106
Kenai, AK  99611

s/ David D. Floerchinger  6/20/06