TALIS J. COLBERG
ATTORNEY GENERAL

Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. Fourth Ave., Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC.EFC@alaska.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARTHUR J. PORTER and<br>KRISTIE L. PORTER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ARTHUR J. OSBORN,<br><br>　　　　Defendant. | Case No.: 3:05-cv-00142-JWS<br><br>**DEFENDANT OSBORN'S MOTION TO ALLOW OVERLENGTH BRIEF** |

Defendant Osborn ("Trooper Osborn") has filed a motion for reconsideration of the Court's Order and Opinion, Docket at 63. The Motion for Reconsideration exceeds 5 pages. Because it is possible that the Court will treat the Motion for Reconsideration as being governed by Local Civil Rule 59.1, Trooper Osborn submits this Motion to Allow Overlength Brief.

The Motion for Reconsideration seeks re-evaluation of a summary judgment order that denies Trooper Osborn's request for protection from lawsuit under the doctrine of

qualified immunity. Because the Order and Opinion denies immunity based on questions of law, it may be treated as a final order appealable to the 9th Circuit. <u>Jefferson v. Gomez</u>, 267 F.3d 895 (9th Cir. 2001). Therefore, the Court might correctly treat the Motion for Reconsideration as being governed by Fed. R. Civ. P. 59(e) or 60 (b). Should this Court treat the Motion for Reconsideration as being governed by Rules 59 (e) or 60 (b), this Motion to Allow Overlength Brief may be denied as moot because Rules 59(e) and 60(b) do not specify a page limit.

It is also possible this Court will treat the Motion for Reconsideration as being governed by Local Civil Rule 59.1. Rule 59.1 applies to motions for reconsideration of interlocutory orders, including Rules 56 summary judgment orders that do not dispose of all issues of liability, causation, and damages. Since Local Rule 59.1 limits motions for reconsideration to 5 pages, and since the Court might rule that Rule 59.1 governs, Trooper Osborn submits this Motion to Allow Overlength Brief. This is done in an abundance of caution to preserve Trooper Osborn's request for full reconsideration.

Trooper Osborn contends that an overlength memorandum is justified given the complicated constitutional issues presented. Trooper Osborn's undersigned counsel has endeavored to keep the Motion for Reconsideration short and concise. But because counsel has in good faith concluded that several constitutional issues must be addressed, counsel is unable to confine the Motion For Reconsideration to 5 pages. In order to make the Motion understandable and legally supportable, counsel had to exceed the 5 page limit expressed in Local Rule 59.1. Counsel and Trooper Osborn respectfully request the Court's approval.

DATED this 1st day of October, 2007, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL


By:   /s/Gilman Dana S. Burke
      Assistant Attorney General
      Office of the Attorney General
      1031 W. Fourth Ave., Ste. 200
      Anchorage, AK 99501
      Phone: (907) 269-5190
      Fax: (907) 258-0760
      Dana.Burke@alaska.gov
      TWC.ECF@alaska.gov
      ABA No. 9011085


This is to certify that on this date, a copy of the
foregoing Defendant Osborn's Motion to Allow
Overlength Brief is being served
via electronically to:

Mark Osterman
215 Fidalgo, Ste 106
Kenai AK 99611

<u>s/Gilman Dana S. Burke 10/1/07</u>

Motion to Allow Over Length Brief
*Porter v. Osborn*
3:05-cv-00142-JWS
Page 3 of 3